IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRELL LLOYD, SR., § | |
| (TDCJ-CID #1845980) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-14-1145 |
| § | |
| J. SMITH, et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Terrell Lloyd, Sr., an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in April 2014, alleging civil rights violations resulting from a denial of due process. Lloyd, proceeding pro se and in forma pauperis, sues the following prison officials at the Huntsville Unit: J. Smith, Assistant Warden; Jessica Leyva, Lieutenant; (FNU) Gardner, correctional officer; and John Does I and II, grievance investigators.

The threshold issue is whether Lloyd's claims should be dismissed as frivolous. The court concludes that Lloyd's claims lack merit and should be dismissed for the reasons stated below.

**I.     Plaintiff's Allegations**

Lloyd asserts that on November 26, 2013, Officer Gardner and Officer Seidel conducted a cell search prior to placing Lloyd in pre-hearing detention. Lloyd asserts that Officer Gardner confiscated some of Lloyd's personal property. Lloyd complains that Officer Gardner failed to complete the necessary paperwork associated with confiscation of property. Lloyd asserts that he filed grievances, but prison officials failed to conduct any further investigation of the missing property.

Lloyd seeks a declaration that the defendants violated his civil rights. He further seeks compensatory damages in the amount of $500.00 against each defendant; punitive damages of $5,000.00 against each defendant; and court costs.

## II. Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against prison officials.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Due Process Claim

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C.

§ 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Lloyd has made neither of the required showings. His claim against the defendants lacks an arguable basis in law.

### IV. Conclusion

Lloyd's application to proceed as a pauper, (Docket Entry No. 2), is GRANTED. The action filed by Terrell Lloyd, Sr., (TDCJ-CID Inmate #1845980), lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Lloyd's motion for the appointment of counsel, (Docket Entry No. 3), is DENIED. Any remaining pending motions are DENIED as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Lloyd's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $400.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas

...

75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on April 29, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE